# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MCDOWELL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN W.L. MONTGOMERY,<br><br>Respondent. | Case No. 5:18-cv-01057-MWF-MAA<br><br>**ORDER DISMISSING PETITION AND DISMISSING ACTION WITHOUT PREJUDICE** |

## I. INTRODUCTION AND BACKGROUND

On May 16, 2018, the Court received and filed Petitioner Jonathan McDowell's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Pet., ECF No. 1.) The Court received and filed Petitioner's operative First Amended Petition ("FAP") on June 22, 2021. (FAP, ECF No. 46.)

On August 19, 2021, Respondent filed a Motion to Dismiss the FAP ("Motion"). (Mot., ECF No. 50.) Petitioner's Opposition to the Motion was due no later than thirty days after service of the Motion. (*See* ECF No. 45 at 3.)[1]

---

[1] Pinpoint citations of filings in this Order refer to the page numbers appearing in the ECF-generated headers.

On October 26, 2021, in the absence of a filed Opposition, the Court issued an Order to Show Cause Regarding Petitioner's Opposition to Respondent's Motion to Dismiss ("October 26 OSC"). (Oct. 26, 2021 OSC, ECF No. 54.) The Court ordered Petitioner to show cause by November 26, 2021 why the Court should not recommend that the case be dismissed for failure to file an Opposition to the Motion. (*Id*. at 1.) The October 26 OSC stated that "[i]f Petitioner file[d] an Opposition on or before that date, the Order to Show Cause [would] be discharged, and no additional action need be taken." (*Id*.) The Court advised Petitioner as follows:

> [F]ailure to file an Opposition to the Motion will be deemed as consent to the granting of the Motion and will result in a recommendation that this action be dismissed. See C.D. Cal. L.R. 7-12. Petitioner also is advised that failure to comply with this order will result in a recommendation that the lawsuit be dismissed for failure to prosecute and/or failure to comply with Court orders. See C.D. Cal. L.R. 41-1.

(*Id*.)

To date, Petitioner has filed neither an Opposition to the Motion to Dismiss nor any response to the October 26 OSC. Petitioner last communicated with the Court on June 22, 2021, when the Court received Petitioner's FAP.

## II. ANALYSIS

### A. Legal Standard

Central District of California Local Rule 7-12 provides in pertinent part:
> The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . .

2

C.D. Cal. L.R. 7-12; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal on the basis of an unopposed motion pursuant to local rule).

    In addition, district courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that federal district courts have "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states otherwise, a dismissal under Rule 41(b)—other than for lack of jurisdiction, improper venue, or failure to join a party—operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). Dismissal, however, "is a harsh penalty and is to be imposed only in extreme circumstances." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (quotation marks omitted).

    Before dismissing an action for failure to follow a local rule, failure to prosecute, or failure to comply with a court order, a district court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53–54 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (failure to follow a local rule); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or failure to comply with a court order). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788

(9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

### B. The Factors Support Dismissal.

#### 1. The Public's Interest in Expeditious Resolution and the Court's Need to Manage its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[2] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *Prods. Liab. Litig.*, 460 F.3d at 1227. Thus, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *Prods. Liab. Litig.*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

To date, Petitioner has not filed an Opposition to the Motion or a Response to the Court's October 26 OSC. Indeed, Petitioner has not communicated with the Court since June 22, 2021. The Court deems Petitioner's failure to file a timely Opposition consent to the granting of the Motion. *See* C.D. Cal. L.R. 7-12. The Court also concludes that Petitioner's failure to file an Opposition to the Motion, failure to follow local rules, failure to comply with Court orders, and failure to prosecute the lawsuit constitute unreasonable delay. *See Thomas v. Maricopa Cnty.*

---

[2] Courts usually review the first factor in conjunction with the second factor. *See Prods. Liab. Litig.*, 460 F.3d at 1227; *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452 (9th Cir. 1994) (The first two factors are usually reviewed together "to determine if there is an unreasonable delay.").

*Jail*, 265 Fed. App'x 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Petitioner's noncompliance and inaction also interfere with the public's interest in the expeditious resolution of this litigation and hinder the Court's ability to manage its docket. *See Prods. Liab. Litig.*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" (quoting *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994))). For these reasons, the first and second factors favor dismissal.

### 2. Risk of Prejudice to Respondent

The third factor also supports dismissal without prejudice. The risk of prejudice to a respondent is related to a petitioner's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642. As Petitioner has not communicated with the Court since June 22, 2021, he has offered no reason for failing to file an Opposition to the Motion to Dismiss. The absence of any reason indicates sufficient prejudice to Respondent. *See Yourish*, 191 F.3d at 991–92 (holding that a paltry excuse for default indicates sufficient prejudice to the defendants); *see also Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (holding that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute").

### 3. Availability of Less Drastic Alternatives

The fourth factor also supports dismissal without prejudice. "Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Prods. Liab. Litig.*, 460 F.3d at 1229 (citing, *inter alia*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991) ("Moreover, our decisions also suggest that a district court's warning to a party

that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")).  In its October 26 OSC, the Court warned Petitioner that the Petition would be dismissed if he did not respond to the Order or file an Opposition by November 26, 2021.  (Oct. 26, 2021 OSC at 1.)  Despite being afforded 30 days to comply, Petitioner failed to respond to the OSC.

### 4.  Public Policy Favoring Disposition of Cases on Their Merits

The fifth factor weighs against dismissal.  "We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *Prods. Liab. Litig.*, 460 F.3d at 1228 (citing *Hernandez*, 138 F.3d at 399).  On the other hand, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (citations omitted).  Thus, this factor alone does not preclude dismissal.

### C.  Dismissal of this Action is Appropriate.

As discussed above, Petitioner's failure to file an Opposition to the Motion, failure to comply with local rules, failure to comply with Court orders, and failure to prosecute this action constitute unreasonable delay.  In addition, four of the dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal.  "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

The Court concludes that dismissal of this action for failure to file an Opposition, failure to comply with local rules, failure to comply with Court orders, and failure to prosecute is warranted.  However, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal should be without prejudice.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that (1) the Petition is **DISMISSED without prejudice** for failure to comply with a local rule, failure to comply with a court order, and failure to prosecute, (2) Respondent's Motion to Dismiss is **GRANTED**, and (3) the Clerk is directed to enter judgment dismissing this action without prejudice.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The Court has considered whether a certificate of appealability is warranted.  See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  The Court concludes that a certificate of appealability is not warranted; thus, a certificate of appealability is **DENIED**.

DATED:  December 16, 2021

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

7